UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

NANETTE C.,

Case No. 1:18-cv-01864-AC

         Plaintiff,

OPINION AND ORDER

    v.

COMMISISIONER SOCIAL SECURITY,

        Defendant.

---

ACOSTA, Magistrate Judge:

    Plaintiff Nanette C.[1] seeks judicial review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-403.   This Court has jurisdiction

\ \ \ \ \

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1  – OPINION AND ORDER

pursuant to 42 U.S.C. § 405(g).[2]  For the following reasons, the Commissioner's decision is reversed and remanded for an immediate calculation and award of benefits.

*Procedural Background*

On November 3, 2014, Plaintiff filed an application for a period of disability and disability benefits, alleging disability as of October 1, 2014 due to major depressive disorder, irritable bowel syndrome ("IBS"), fibromyalgia, post-traumatic stress disorder ("PTSD"), degenerative disc disease, obstructive sleep apnea, and migraine headaches.  Tr. Soc. Sec. Admin. R. ("Tr.") 15, 17, ECF No. 15.   After a hearing, the administrative law judge ("ALJ") found Plaintiff not disabled. Tr. 15, 24.   Plaintiff appealed to this court, contended the ALJ erred by:  (1) failing to provide clear and convincing reasons to reject her subjective symptom testimony; and (2) failing to fully credit the opinions of her treating physicians Carl Barbee, M.D., and William McCord, M.D., and her mental health therapist Wendy G. Jones, LCSW.  Pl.'s Br. 30-21, 30-34, ECF No. 22.   The Commissioner has conceded the ALJ erred but argues the ALJ committed harmful error by failing to find Plaintiff's migraine headaches severe at step two of the sequential evaluation, and by failing to consider the functional effects of her migraine headaches when evaluating the remaining steps, including any potential impacts on Plaintiff's residual functional capacity ("RFC").   Def.'s Br. 3-4, ECF No. 25.   The Commissioner thus contends that the proper remedy is to remand for further administrative proceedings beginning at step two.   Plaintiff responds that the record is fully developed and that if Plaintiff's testimony and that of her treating physicians and therapist are credited at true, then she is disabled and the case should be remanded for an immediate payment of benefits.

---

[2]  The parties have consented to jurisdiction by magistrate judge, pursuant to 28 U.S.C. § 636(c)(1).

*The ALJ's Decision*

The ALJ determined that Plaintiff meets the insured status requirements through December 31, 2019, and she has not engaged in substantial gainful activity since October 1, 2014. Tr. 17. The ALJ determined that Plaintiff's IBS, fibromyalgia, degenerative disc disease, obstructive sleep apnea, PTSD, and major depressive disorder are severe impairments, but that they do not singly or in combination meet or equal a listed impairment. Tr. 17-18. Reviewing all the evidence in the record, the ALJ determined that Plaintiff has the RFC to perform a full range of light work, except that she can perform tasks involving no more than six hours of sitting, standing, or walking, with additional postural limitations. Additionally, the ALJ found that Plaintiff is limited to understanding, remembering, and carrying-out no more than simple, routine tasks involving simple work-related tasks, with occasional interaction with supervisors, co-workers, and the public, and that her off-task time can be accommodated with normal breaks. Tr. 19. In developing this RFC, the ALJ found that Plaintiff's medically determinable impairments could cause the symptoms she alleges, but that her statements regarding the "intensity, persistence and limiting effects" of the symptoms were not entirely consistent with the medical evidence and other record evidence. The ALJ determined that Plaintiff is not capable of performing her past relevant work, but that considering her age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform and, therefore, denied Plaintiff's application for disability benefits. Tr. 23-24.

*Standard of Review*

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence

is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotations omitted); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009. " 'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

*Discussion*

Plaintiff argues that the ALJ erred in evaluating her subjective symptom testimony and her physicians' opinions, and when that testimony is credited as true, the correct remedy is to remand for an immediate payment of benefits. The Commissioner concedes that the ALJ erred at step two and failed to consider whether Plaintiff's migraines pose some functional limitations that should be included in the RFC. The Commissioner agrees that remand is appropriate, but to allow the ALJ to continue the sequential evaluation from step two and not for an award of benefits. The Commissioner does not address whether the ALJ appropriately considered Plaintiff's subjective symptom testimony or whether the ALJ properly evaluated the physicians' opinions. The question for this court is whether to remand for further proceedings or for a payment of benefits.

I.    Remand For Immediate Payment Of Benefits Is Warranted

   *A.    Standards*

After finding the ALJ erred, the court has discretion to reverse and remand either for further proceedings or for an award of benefits. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Page 4  – OPINION AND ORDER

Generally, the court will remand to the agency for additional investigation or explanation, but the court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014); 42 U.S.C. § 405(g). The issue turns on the utility of further proceedings. *Id.*; *Garrison*, 759 F.3d at 1020. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).

The Ninth Circuit applies a three-part "credit as true" analysis. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). First, "[t]he district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Dominguez*, 808 F.3d at 407. Second, the record must be fully developed, free from conflicts and ambiguities, and that further administrative proceedings would provide no useful purpose. *Treichler*, 775 F.3d at 1101; *Garrison*, 759 F.3d at 1020. Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. *Garrison*, 759 F.3d at 1020. If each part of the test is satisfied, the court may exercise its discretion to remand for an award of benefits. *Id.*

In conducting its review, the court must consider whether there are any inconsistencies between the medical evidence and the claimant's testimony or evidence the ALJ may have overlooked that "casts serious doubt" that the claimant is disabled. *Burrell*, 775 F.3d at 1141; *Dominguez*, 808 F.3d at 407. The district court retains flexibility and is not required to credit statements as true merely because the ALJ made a legal error. *Dominguez*, 808 F.3d at 408; *Garrison*, 759 F.3d at 1021; *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

Page 5 – OPINION AND ORDER

B.    *The ALJ Erred*

1.    the ALJ erred at step two

The court agrees with Commissioner that the ALJ erred at step two by failing to find that Plaintiff's migraine headaches are a severe impairment, and that the ALJ committed harmful error by failing to consider the functional effects of Plaintiff's migraine headaches when evaluating Plaintiff's RFC in the sequential analysis.  *Cf. Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that ALJ commits reversible error at step two only where severe impairment erroneously excluded and that impairment causes functional limitations that are not accounted for in the RFC). The ALJ's step two findings are not supported by substantial evidence:   there is significant record evidence indicating that Plaintiff's migraine headaches posed more than a minimal effect on her ability to perform basic work activities.   The key issue for the court, however, is whether the ALJ erred in evaluating the physician's opinion and Plaintiff's subjective symptom testimony on this point and, if so, whether the record is fully developed and additional proceedings are necessary.

2.    the ALJ erred in evaluating Dr. Barbee's opinion

In a November 14, 2016 opinion, Carl Barbee, M.D., Plaintiff's primary care physician, opined that Plaintiff suffers from migraine headaches occurring more than once a month, that they are severe enough to prevent all activity when they occur, including working.  Tr. 524-28.   Dr. Barbee indicated that Plaintiff was incapable even of "low stress work," that her migraine headaches had been ongoing for at least twelve months, and that her prognosis was "guarded." Tr. 527.   Plaintiff argues that Dr. Barbee's opinion should be credited as true.

In the decision, the ALJ rejected Dr. Barbee's opinion because it was undermined by his own treatment notes and his own clinical findings.  Tr. 21-22.  The ALJ noted that Dr. Barbee's treatment notes showed that Plaintiff was alert, fully oriented, and in no distress on November

Page 6  – OPINION AND ORDER

2016, that her mood and affect were normal, with no deficits in her reflexes or range or motion. Tr. 590.    Additionally, the ALJ indicated that Plaintiff was prescribed medications for her pain, which had significantly improved.    Tr. 21.    The ALJ's rejection of Dr. Barbee's opinion is not supported by substantial evidence.

The ALJ's discussion of Dr. Barbee's opinion concerning Plaintiff's headaches is inadequate and fails to examine the longitudinal history of Plaintiff's migraines.    For example, Plaintiff described to Dr. Barbee in December 2015 that she had experienced a burst of migraines. Tr. 565.    In February 2016, Dr. Barbee's treatment notes indicate that Plaintiff would be seeing Zakir Ali, M.D., about her migraine headaches.    Tr. 570.    In April 2016, Plaintiff reported to Dr. Barbee that she was taking more pain medication to combat her migraine headaches.    Tr. 572.    In October and November 2016, Plaintiff reported that she was still having difficulty with persistent migraine headaches.    Tr. 581, 588.    In January 2017, Plaintiff reported partial relief from with the Botox injections she was receiving from Dr. Ali.    Tr. 693.    Thus, the ALJ's rationale that Dr. Barbee's own treatment notes fail to support his conclusion that Plaintiff was suffering from debilitating migraine headaches is not supported by substantial evidence and fails to provide a specific and legitimate basis for discounting his opinion.

Additionally, Dr. Barbee's opinion that Plaintiff suffered debilitating migraine headaches is supported by other clinical evidence in the record as a whole.    The record reflects that Plaintiff saw Dr. Ali in March 2016 for her chronic migraines.    Tr. 535.    Plaintiff reported to Dr. Ali that she was experiencing migraines approximately nine-to-ten times each month, that they lasted for two days each time, and that medication was not helpful.    Tr. 535.    Plaintiff reported that she had tried various medications, physical therapy, acupuncture, and chiropractic treatments without success.    Tr. 535.    Dr. Ali administered Botox injections in April, July, and December 2016, and

Page 7  – OPINION AND ORDER

again in July 2017.   Tr. 530, 535, 704, 709.   Plaintiff reported that the Botox injections were helpful initially, but that the effectiveness diminishes over time.   Tr. 704-06.   Plaintiff also reported severe migraine headaches to William Clay McCord, M.D., in July 2014, and in July and October 2016.   Tr. 338, 654, 658.   Plaintiff reported increased muscle pain with the increased frequency of her migraine headaches.   Tr. 654, 658.   Notably, the ALJ's decision fails to include any discussion of treatment notes from Drs. Ali and McCord.

The court concludes that the ALJ erred in discounting Dr. Barbee's opinion concerning Plaintiff's migraine headaches because it was not supported by the doctor's own contemporaneous notes.   Here, the record reveals that Plaintiff complained to Dr. Barbee about her migraines in December 2015 and continued to do so into January 2017.   Additionally, Dr. Barbee was aware that Plaintiff was being treated by Dr. Ali for her ongoing migraines.   Dr. Ali's treatment notes indicate that Plaintiff was suffering nine-to-ten migraine headaches a month and corroborates Dr. Barbee's opinion that Plaintiff's migraines were severe and rendered her unable to work. Furthermore, the ALJ failed to explain how Plaintiff's "normal" affect and absence of deficits in reflexes and range of motion fails to correlate to Dr. Barbee's opinion of Plaintiff's impaired functioning when she experiences migraines.   Tr. 21.   The Commissioner offers no explanation for upholding the ALJ's analysis of Dr. Barbee's opinion.   The court concludes the ALJ has failed to provide specific and legitimate reasons for rejecting Dr. Barbee's opinion that Plaintiff's headaches were debilitating.   *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (holding that ALJ erred in rejecting physician's opinion where treatment notes were consistent with overall diagnostic picture of claimant).

\ \ \ \ \

\ \ \ \ \

3.    the ALJ erred in failing to discuss Dr. McCord's treatment notes

Dr. McCord has been Plaintiff's rheumatologist since at least 2014, and primarily treated her fibromyalgia. Tr. 338. In an August 26, 2015 treatment note, Dr. McCord documented Plaintiff's report that she had been experiencing PTSD symptoms due to childhood molestation, which symptoms included disabling pelvic pain, and that she no longer was able to work. Tr. 677. Dr. McCord noted that Plaintiff reported pain of eight on a ten-point scale during that examination. Tr. 677. Plaintiff contends that the ALJ erred by failing to mention Dr. McCord's treatment notes in the decision. The court agrees. An ALJ may reject a treating source's opinion that is contradicted by another physician's opinion, by providing specific and legitimate reasons which are backed by substantial evidence. *See, e.g., Garrison*, 759 F.3d at 1012. As noted above, the ALJ's decision omits any discussion of Dr. McCord's treatment notes. The ultimate issue of disability under the Act is reserved to the Commissioner and an ALJ need not discuss all evidence in the record, but an ALJ must explain why probative evidence has been discounted. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (holding that ALJ is not required to discuss all evidence but must explain why "significant probative evidence has been rejected"). Thus, the ALJ's failure to discuss the treatment notes from one of Plaintiff's treating physicians and to provide a specific and legitimate reason for discounting them is error.

4.    the ALJ erred in discounting Wendy G. Jones's opinion

On April 15, 2015, Wendy G. Jones, LCSW, submitted a letter to the Oregon Department of Human Services, stating that she has been providing therapy to Plaintiff since December 2012. Tr. 360. Jones reported that she had provided twenty-six counseling sessions, and that Plaintiff's depression and anxiety had deteriorated over time as Plaintiff began to deal with issues of sexual abuse she experienced as a child. Tr. 360. Jones noted that Plaintiff has PTSD, periods of

Page 9 – OPINION AND ORDER

suicidal ideation, and suffers panic attacks and that these conditions prevent Plaintiff from working.   Tr. 360.   Jones's opinion is contradicted by those of the agency reviewing doctors Scott F. Kaper, Ph.D., and Edwin R. Holmes, Psy.D, who found that Plaintiff was not precluded from all work.   Tr. 75, 92.   In the decision, the ALJ rejected Jones's opinion because it was inconsistent with other mental health treatment records describing Plaintiff as focused and attentive, and that Plaintiff "retains sufficient mental functioning to garden in her greenhouse 2-3 times a week, drive a car, and go shopping in stores when necessary."   Tr. 22.

While it is unclear from the record whether the ALJ was required to provide specific and legitimate reasons or germane reasons to discount Jones's opinion, it is obvious that the ALJ's analysis of Plaintiff's mental health symptoms is cursory at best.[3]   The ALJ's reasoning for discounting Jones's opinion – Plaintiff is focused and attentive during other mental health therapy sessions – fails to recognize that Plaintiff continued to endorse ongoing depressive symptoms, with racing thoughts, nightmares, and intrusive memories caused by past sexual abuse, which impeded her ability to concentrate, focus, and sleep.   Tr. 398, 402, 404, 538, 542, 547; *see Diedrich v. Berryhill*, 874 F.3d 634, 642 (9th Cir. 2017) (holding that the absence of certain mental health symptoms on a particular day is not evidence of a broader development of improvement). Moreover, Plaintiff's ability to occasionally garden in her own home and shop in stores when

---

[3] The Commissioner does not address whether Jones is an "other source."   *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (recognizing that ALJ must provide reasons germane to mental health counselor to discount opinion because she was an "other source" under 29 C.F.R. § 404.1527(b), (f)).   Although it appears that Jones did not include her treatment notes with her opinion, which may have provided a germane reason for discounting it, the ALJ did not rely on that basis.   *See Garner v. Saul*, ___ F. App'x ___, 2020 WL 673636 (9th Cir. Feb. 11, 2020) (finding ALJ properly discounted counselor's opinion where unaccompanied by treatment notes and unsupported by other evidence in record); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (holding court is constrained to review the reasons the ALJ asserts).

necessary is not inconsistent with Jones's opinion that Plaintiff is unable to function in a work environment eight hours a day, five days a week. *Ghanim*, 765 F.3d at 1163 (holding that ability to engage in some routine household chores did not render physician's opinion inconsistent with claimant's daily activities). Thus, Jones's opinion is supported by other evidence in the evidentiary record. The court concludes that the ALJ's rationale for discounting Jones's opinion and Plaintiff's mental health limitations is lacking, and thus the ALJ has erred.

> 5.    the ALJ erred in discounting Plaintiff's testimony

At the hearing, Plaintiff testified that she is unable to work due to gastrointestinal problems, incontinence, depression, PTSD, persistent nightmares, migraines, and panic attacks. Tr. 20, 45, 49-51. The ALJ discounted Plaintiff's testimony for two reasons: (1) her gastrointestinal issues preceded her disability claim and did not prevent her from working prior to her alleged onset date; and (2) her allegations are not fully supported by the medical evidence in the record. Tr. 21. Upon careful review of the record, the court concludes that Plaintiff's allegations of stool incontinence are not supported by the record.

In November 2016, Plaintiff informed Dr. Barbee that she was experiencing stool incontinence only occasionally, which is at odds with her hearing testimony. Tr. 51, 590. However, the record does support Plaintiff's allegations that she experiences urinary incontinence more frequently, and she sought specialized treatment for the issue and has not had complete relief from her symptoms. *See, e.g.,* Tr. 51, 386, 693-94. The record further supports Plaintiff's contention that her alternating bouts of diarrhea and constipation have worsened over time with prescription narcotic usage. Tr. 386, 512-18. The ALJ's contrary conclusion is not supported by substantial evidence in the record as a whole, and it fails to include a clear and convincing basis for discounting her subjective symptom testimony about her gastrointestinal issues.

Page 11 – OPINION AND ORDER

The ALJ's findings regarding Plaintiff's chronic pain condition also is not supported by substantial evidence.   As noted above, the ALJ omitted any discussion of Dr. McCord, Plaintiff's rheumatologist who treated her fibromyalgia.   Plaintiff consistently reported to Dr. McCord pain levels at a seven or eight on a ten-point scale.   Tr. 338, 361, 651, 699.   Also, as explained above, the ALJ did not adequately discuss Plaintiff's complaints of migraine headaches and Dr. Barbee's opinion, and the ALJ failed to discuss Dr. Ali's treatment of Plaintiff's migraines.   The ALJ's findings concerning Plaintiff's allegations of disabling pain and migraine headaches are not supported substantial evidence.   *Ghanim*, 763 F.3d at 1164 (finding ALJ erred in discounting subjective complaints where overall diagnostic picture supported claimant despite occasional signs of improvement).

Although the Commissioner suggests that Plaintiff's degenerative disc disease has been treated with steroid injections and does not compel a finding of disability, Plaintiff's allegations of severe low back pain are supported by objective medical evidence and lend additional credence to her overall complaints of chronic pain.   A May 2, 2017 lumbar spine x-ray reveals stable but marked degenerative changes at L5-S1.   Tr. 702.   And in June 2017, Plaintiff was prescribed fentanyl patches for her headaches and ongoing pain complaints.   Tr. 704.   Viewing the record as whole, the court readily concludes that the ALJ's rationale for discounting Plaintiff's subjective symptom testimony falls well below the clear and convincing standard, and thus the ALJ erred.

C.    *There Are No Outstanding Evidentiary Issues And Further Proceedings Would*
      *Provide No Useful Purpose*

The court must consider whether additional proceedings would be useful.   *Garrison*, 759 F.3d at 1020.   To do so, the court must examine "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the

Page 12  – OPINION AND ORDER

claimant's entitlement to benefits is clear under the applicable legal rules." *Treichler*, 775 F.3d at 1103-04.

The Commissioner contends that the additional administrative proceedings are necessary because Plaintiff's numerous conditions do not compel a finding of disability. The Commissioner argues that Plaintiff's gastrointestinal issues, cervical and back pain, and fibromyalgia have been alleviated with medication. According to the Commissioner, the evidence fails to "conclusively" establish that any of these conditions are disabling. The court disagrees that further examination of Plaintiff's gastrointestinal issues, degenerative disc disease, or fibromyalgia is warranted, because the evidence pertaining to Plaintiff's migraine headaches establishes disability. Remanding this case for further proceedings would serve no useful purpose.

As discussed at length above, ALJ failed to appropriately evaluate the Plaintiff's treating medical sources surrounding Plaintiff's migraines by providing insufficient legal reasons, ignoring evidence, and failing to examine the longitudinal evidentiary record. *See Garrison*, 759 F.3d at 1021 ("allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons" would serve no useful purpose); *Thomas E.B. v. Comm'r Soc. Sec. Admin.*, Case No. 6:18-cv-02109-BR, 2019 WL 5889308, at *4 (D. Or. Nov. 12, 2019) (declining to remand for further proceedings where ALJ failed to provide legally sufficient reasons for discounting physician's opinions). As Dr. Barbee opined, Plaintiff is incapable of working even a low-stress job because of her migraine headaches. Tr. 524-28. Dr. Ali's treatment notes reflect that Plaintiff was experiencing migraines nine-to-ten times per month, lasting for two days each time. Tr. 535. The ALJ also erroneously discounted Plaintiff's subjective symptom testimony. Plaintiff testified at the hearing that she experiences five-to-seven migraines per month. Tr. 49. Although Plaintiff testified at the August 2017 hearing to experiencing fewer migraines than she

Page 13 – OPINION AND ORDER

reported to Dr. Ali in March 2016, the occurrence of migraine headaches nonetheless remained high.   Tr. 49, 535.   Thus, there are no outstanding medical issues relating to Plaintiff's migraine headaches that require resolution.

      D.      *The ALJ Would Be Required To Find Plaintiff Disabled*

If the improperly discredited evidence were credited as true, it is clear that on remand the ALJ would be required to find Plaintiff disabled.   Dr. Barbee opined that Plaintiff was unable to work because of her migraine headaches; Dr. Ali's treatment notes indicate that she was experiencing headaches as often as nine or ten times per month, lasting two days per occasion; Plaintiff testified she experienced migraines five-to-seven times per month; and the vocational expert testified that if a person is absent from work more than once per month on an ongoing basis, competitive employment cannot be maintained.   Tr. 58.   When Plaintiff's testimony and Dr. Barbee's testimony is credited as true, Plaintiff would be unable to maintain competitive employment.   Accordingly, all three elements of the credit as true analysis are satisfied. *Garrison*, 759 F.3d at 1021.

Finally, the court declines to exercise its "flexibility" to remand this action for further proceedings.   The court has reviewed the administrative record carefully and found no evidence that casts serious doubt on Plaintiff's assertion that she is disabled.   The record reveals that Plaintiff is of advanced age with multiple physical and mental health limitations.   None of Plaintiff's treatment providers have opined or implied that she is exaggerating her symptoms, and the court's independent review of the record fails to reveal any such evidence.   Accordingly, the court concludes that on this record, remanding for an immediate calculation and payment of benefits is appropriate.

\ \ \ \ \

Page 14 – OPINION AND ORDER

*Conclusion*

Based on the foregoing, the Commissioner's decision is REVERSED and this matter is REMANDED for an immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this ___30th___ day of April, 2020.

JOHN V. ACOSTA
United States Magistrate Judge